UNITED STATES of America, Plaintiff-Appellee,

v.

David Carl RIMKA, Defendant-Appellant.

No. 74–1370.

United States Court of Appeals, Sixth Circuit.

March 21, 1975.

Certiorari Denied June 23, 1975.

See 95 S.Ct. 2663.

Theodore B. Walter, Lexington, Ky. (Court appointed), for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and RUBIN,* District Judge.

PER CURIAM.

Appellant Rimka was convicted after jury trial on a charge of armed robbery of a bank, in violation of 18 U.S.C. § 2113(a) (1970). His principal complaint on appeal is that the District Court, after hearing a motion to suppress evidence, admitted into evidence a confession which he made on the second day after his arrest.

It was appellant's contention that this confession was inadmissible because it was involuntary in that it was the product of duress represented by a promise of treatment for withdrawal symptoms which he was suffering on the day of his confession. He also contends that his *Miranda* rights were violated the previous day when FBI Agents continued to interrogate him, although he had indicated an unwillingness to talk.

We find no merit to the first of these issues. There was ample evidence from which the judge, and the jury subsequently, could have determined voluntariness of the confession on the day when it was given.

It appears that in fact, however, he was questioned on the preceding day even though he had indicated an unwillingness to talk. This represents a specific violation of the rules set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is clear also, however, that the questioning on the first day of appellant's arrest did not result in any statement from appellant which was introduced in evidence.

On the second day after his arrest, appellant was the subject of line-up procedures which resulted in his being told that he had been identified. *Miranda* warnings were given to appellant and on this occasion there was testimony that he talked freely about his participation in a number of bank robberies after reading and signing a statement that he had been informed of his constitutional right.

This court has previously held:

"Hill contends that his confession was involuntary as a matter of law. He asserts that once he was advised of his *Miranda* rights and declined to make a statement, the police were precluded at all times thereafter from asking him any questions or talking with him about the case in any way. We join other circuits in refusing to adopt such a narrow construction of *Miranda*." Hill v. Whealon, 490 F.2d 629, 635 (6th Cir. 1974).

In view of the fact that on the first day of his questioning appellant Rimka had indicated that he might have something to say after the show-ups were conducted, and in view of clear proofs from which the judge and jury could have found that proper *Miranda* warnings had been given on the day when Rimka's confession was obtained and that there was testimony from which the judge and jury could have concluded that the confession was obtained without duress or promises, we conclude that the government has met its "heavy burden" of establishing the voluntariness of the confession.

The judgment of the District Court is affirmed.

---

* Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.